```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

STEVEN L. ORTIZ,

       Petitioner,

v.                                  Case No: 2:16-cv-185-FtM-29CM
                                        Case No. 2:12-CR-93-FTM-29CM

UNITED STATES OF AMERICA,

       Respondent.

_____

**OPINION AND ORDER**

This matter comes before the Court on petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #39)[1] and Memorandum of Law in Support (Cv. Doc. #2), both filed on March 9, 2016. The government filed a Response in Opposition to Motion (Cv. Doc. #10) on May 3, 2016. The petitioner filed a Reply (Cv. Doc. #13) on June 6, 2016. For the reasons set forth below, the § 2255 motion is dismissed, or in the alternative, is denied.

---

[1]The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

**I.**

On August 6, 2012, after Steven L. Ortiz (petitioner) waived prosecution by indictment and consented to an information, the government filed a five-count Information (Cr. Doc. #2) charging petitioner with four counts of distribution of an unspecified amount of cocaine on various dates, and one count of distribution of 500 grams or more of cocaine. The wavier was accepted, and petitioner entered guilty pleas on all counts pursuant to a Plea Agreement (Cr. Doc. #3). The guilty pleas were accepted, and petitioner was adjudicated guilty on all counts. (Cr. Doc. #15.)

The Presentence Report, applying the 2012 Sentencing Guidelines Manual, determined that petitioner's Base Offense Level for 854 grams of cocaine hydrochloride was a Level 26. (Cr. Doc. #34, p. 12, 30-32.) Petitioner received a two level increase because a loaded 9 mm handgun was discovered under petitioner's mattress, and a two level increase because he maintained a residence used for manufacturing or distributing cocaine. (Id., p. 13, ¶¶ 33-34.) This resulted in an Adjusted Offense Level of Level 30. (Id., ¶ 38.) Petitioner was found to qualify as a career offender under U.S. Sentencing Guidelines Manual § 4B1.1 based on the following Florida felony convictions: (a) Sell, Deliver, Manufacture, Possess With Intent to Sell or Deliver a controlled substance; and (b) two counts of Aggravated Assault on

a Law Enforcement Officer (counted as a single conviction). (Id., ¶ 39.) With a statutory maximum penalty of 40 years imprisonment for Count Five, the Total Offense Level became Level 34. (Id., ¶ 40.) After an acceptance of responsibility reduction, the Adjusted Total Offense Level was a Level 31. (Id., ¶¶ 41-43.) Petitioner scored as a Criminal History Category of V, but the career offender enhancement required an increase to a Category VI. U.S. Sentencing Guidelines Manual § 4B1.1 (2012). The resulting Sentencing Guidelines range became 188 to 235 months of imprisonment. (Id., ¶¶ 58-59, 115.) Petitioner did not object at sentencing to the prior convictions, or the career offender designation.

On February 11, 2013, the government filed a motion for a two-level reduction in petitioner's offense level based on petitioner's substantial assistance. This request was granted, reducing petitioner's Sentencing Guideline range to 151 to 188 months of imprisonment. (Cr. Doc. #43, p. 5.) The Court imposed a below-Guidelines sentence of 144 months imprisonment on all counts, to be served concurrently, followed by a term of supervised release. (Cr. Docs. ## 29, 30.)

On December 17, 2013, the government filed a post-judgment motion for downward department, seeking a four-level reduction in the offense level based on petitioner's continuing substantial

assistance.  (Cr. Doc. #31.)  The motion was granted, and petitioner's sentence was reduced.  (Cr. Doc. #32.)  An Amended Judgment (Cr. Doc. #33) filed on January 21, 2014, sentenced petitioner to 110 months imprisonment on each count, to be served concurrently, followed by a term of supervised release.

Petitioner did not file a direct appeal from the original judgment or the amended judgment.

## II.

Petitioner argues that in light of Johnson v. United States, 135 S. Ct. 2551 (2015), his career offender enhancement under the Sentencing Guidelines was unlawful and the resulting sentence violated his right to due process.  Petitioner argues that this challenge to the career offender enhancement is cognizable in a § 2255 proceeding, and that he is not a career offender under U.S. Sentencing Guidelines Manual § 4B1.1 because aggravated assault on a law enforcement officer no longer qualifies as a "violent felony", and his conviction for sale of cocaine was not proved by the government to be a "controlled substance offense."  Petitioner argues that his motion is timely under § 2255(f)(3) because it was filed within one year of Johnson. Petitioner seeks to be re-sentenced without the career offender enhancement.

**A. Need For Evidentiary Hearing**

A district court shall hold an evidentiary hearing on a habeas petition "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255(b). "[I]f the petitioner alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim." Aron v. United States, 291 F.3d 708, 714-15 (11th Cir. 2002) (citation omitted). Viewing the facts alleged in the light most favorable to petitioner, the record establishes that petitioner is not entitled to relief, and therefore an evidentiary hearing is not required.

**B. Timeliness of § 2255 Motion**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), federal prisoners have one year from the latest of the following four triggering events to file a Section 2255 Motion:

  **(1)** the date on which the judgment of conviction becomes final;

  **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

  **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). Petitioner asserts that his § 2255 motion is timely under § 2255(f)(3) based on Johnson v. United States, 135 S. Ct. 2551 (2015), which was found retroactively applicable by Welch v. United States, 136 S. Ct. 1257 (2016).

"In order for a Supreme Court decision to restart the one-year statute of limitations under § 2255(f)(3), the decision must both (1) recognize a new right and (2) be made retroactively applicable to cases on collateral review." Beeman v. United States, 871 F.3d 1215, 1219 (11th Cir. 2017). The timeliness of a § 2255 motion must be judged on a claim-by-claim basis. Zack v. Tucker, 704 F.3d 917, 918, 921–26 (11th Cir. 2013) (en banc) (AEDPA's statute of limitations "requires a claim-by-claim approach to determine timeliness.") "In other words, if a § 2255 movant asserts that his § 2255 motion is timely because he filed it within one year of the Supreme Court's issuance of a decision recognizing a new right, we must determine whether each claim asserted in the motion depends on that new decision. If a particular claim does not depend on the new decision, that claim is untimely and must be dismissed." Beeman, 871 F.3d at 1219.

While the motion was filed within one year of Johnson, it fails to satisfy the requirements of § 2255(f)(3). The newly

recognized right created by Johnson was the unconstitutionality of the residual clause of the ACCA, not the career offender provision of the United States Sentencing Guidelines. Nothing in petitioner's case relates to the residual clause of the ACCA, and in Beckles v. United States, 137 S. Ct. 886 (2017), the United States Supreme Court held that the career offender provision of the Sentencing Guidelines was *not* subject to a Johnson constitutional challenge for vagueness.

The government, however, has stated that the motion is timely. (Cv. Doc. #10, pp. 2-3.) While the Court would disagree, the government has the option of not raising a procedural defect if it so choses. See Wood v. Milyard, 566 U.S. 463, 466 (2012) (the Court cannot override a deliberate waiver of a limitations defense). Accordingly, the government has at least forfeited any timeliness defense.

**C. Procedural Default**

The United States asserts that the issues petitioner seeks to raise are procedurally defaulted because petitioner failed to object at sentencing, and did not raise the issues in a direct appeal. The United States asserts that petitioner cannot show cause or actual prejudice, or actual innocence, to overcome the procedural default, and therefore is barred from raising the issues on collateral review. (Cv. Doc. #10, pp. 3-10.) The Court

agrees. Spencer v. United States, 773 F.3d 1132, 1135 (11th Cir. 2014) (en banc). Petitioner's motion is dismissed without prejudice on this ground.

**D. Cognizability of Challenge to Prior Convictions**

The United States further argues that even if petitioner overcomes the procedural default, he is not entitled to relief because his challenge to a career offender sentence is not cognizable under § 2255. (Cv. Doc. #10, pp 10-15.)

Although a prisoner "may challenge a sentencing error as a 'fundamental defect' on collateral review when he can prove that he is either actually innocent of his crime or that a prior conviction used to enhance his sentence has been vacated," a challenge to petitioner's status as a career offender under the Sentencing Guidelines is not cognizable in a § 2255 motion unless the sentence exceeds the statutory maximum. Spencer, 773 F.3d at 1138 (explaining that "erroneously designating a defendant as a career offender" is not cognizable in a § 2255 motion because it is "not a fundamental defect that inherently results in a complete miscarriage of justice"). See also Bell v. United States, 688 F. App'x 593, 594 (11th Cir. 2017). The sentence in this case did not exceed the statutory maximums (20 years imprisonment on four counts and 40 years imprisonment on one count), petitioner does not assert he is factually innocent of the offense of conviction

or the underlying predicate convictions, and none of petitioner's prior convictions at issue have been vacated. Therefore, petitioner's claim is not cognizable under § 2255, and the motion must be dismissed without prejudice on this ground.[1]

**E. Plea Agreement Waiver Provision**

The United States also asserts that petitioner has knowingly and voluntarily waived his right to collaterally challenge his sentence in a § 2255 proceeding. (Cv. Doc. #10, pp. 15-16.) Petitioner argues that habeas relief under § 2255 was not specifically waived, and that the record does not reflect that he understood the waiver provision. (Cv. Doc. #13, pp. 17-20.)

A waiver provision in a plea agreement is valid if made knowingly and voluntarily. United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001) (citing United States v. Bushert, 997 F.2d 1343, 1350-51 (11th Cir. 1993)). To establish that the waiver was made knowingly and voluntarily, the government must show that either (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. United States v. Johnson, 541 F.3d 1064, 1066 (11th Cir. 2008). "This Court applies a 'strong

---

[1] To the extent that petitioner seeks to convert his motion to one under 28 U.S.C. § 2241 if the claim is not cognizable (Cv. Doc. #13, p. 6), the Court declines to do so.

presumption' that statements made by a defendant during h[is] plea colloquy are true." Allen v. United States, No. 16-17232-C, 2017 WL 5999039, at *3 (11th Cir. June 2, 2017) (quoting United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994)).

Petitioner's written Plea Agreement (Cr. Doc. #3) contains a waiver of appeal and collateral challenge provision, which states in pertinent part:

> The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence **or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines,** except (a) the ground that the sentence exceeds the defendant's applicable guideline range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

(Cr. Doc. #3, p. 14-15)(emphasis added). Each page was initialed by petitioner. During the change of plea hearing, the Court advised petitioner that he had limited his rights to appeal and collaterally challenge in the Plea Agreement:

> Basically, what you are saying there is that you agree that the Court does have the jurisdiction and the authority to impose any sentence up to the statutory maximum, and that you are expressly waiving your right to appeal your sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guideline range pursuant to the sentencing guidelines, except the ground that the sentence exceeds your applicable guideline range as determined by the Court, the ground that the sentence exceeds the statutory maximum penalty, or the ground that the sentence violates the Eighth Amendment to the Constitution. Do you understand that?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: This provision, though, also says that if the Government exercises its right to appeal the sentence in your case, then you also have a right to appeal the sentence. Do you understand that?
>
> THE DEFENDANT: Yes, ma'am.

(Cr. Doc. #41, p. 15.)

The record thus establishes that the waiver provision was reviewed, and petitioner acknowledged that he understood the waiver. Under 28 U.S.C. § 2255(a), a prisoner in federal custody asserting that his sentence is "otherwise subject to collateral attack" may move to vacate, set aside, or correct the sentence. Thus, the reference to "collaterally" challenge encompasses anything other than a direct appeal, including a challenge under 28 U.S.C. § 2255. See, e.g., Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005) ("The plain language of the agreement

informed Williams that he was waiving a collateral attack on his sentence. Under these circumstances, the sentence-appeal waiver precludes a § 2255 claims based on ineffective assistance at sentencing.").

The Court finds that a valid plea waiver exists, and was understood by petitioner. The motion will be dismissed on this basis as well.

**F. Merits of Career Offender Arguments**

Finally, the United States argues that petitioner is not entitled to relief on the merits because, unlike the cases he cites, petitioner was not sentenced under the ACCA and his prior felony convictions did not require the application of a residual clause or the modified categorical approach. (Cv. Doc. #10, pp. 16-17.) The Court agrees that, if the issues are properly before it, they are denied on the merits.

Under the career offender provisions of the United States Sentencing Guidelines, a defendant is deemed a career offender "if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.

Sentencing Guidelines Manual § 4B1.1(a) (2012). Petitioner was 29 when he committed the offense, all of the offenses charged in the Information are controlled substance offenses, and, as discussed below, petitioner had at least two prior felony convictions which were either a crime of violence or a controlled substance offense. (Doc. #34, p. 13, ¶ 39.)

**(1) Controlled Substance Offense**

Petitioner argues that the government failed to establish that his drug conviction was a qualifying controlled substance offense, and objects to the factual basis presented in the Presentence Report as unsupported by Shepard[2]-approved documents.

A "'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S. Sentencing Guidelines Manual § 4B1.2(b) (2012). Nothing in Johnson spoke to the meaning of a "serious drug offense" under the ACCA, or the meaning of "controlled substance offense" under the Career

---

[2] Shepard v. United States, 544 U.S.C. 13, 26 (2005) (limiting examination for the modified categorical approach).

Offender provision of the Sentencing Guidelines. For purposes of the career offender increase pursuant to U.S. Sentencing Guidelines Manual § 4B1.1, a conviction under Fla. Stat. § 893.13 qualifies as a "controlled substance offense." <u>United States v. Pridgeon</u>, 853 F.3d 1192, 1198 (11th Cir. 2017); <u>United States v. Smith</u>, 775 F.3d 1262, 1268 (11th Cir. 2014). Petitioner's drug conviction was and is a controlled substance offense.

**(2) Crime of Violence**

Petitioner argues that the predicate offense of aggravated assault on a law enforcement officer does not qualify as a violent felony under the residual clause in light of <u>Johnson</u>, and it is not an enumerated offense.

Under the career offender provision of the Sentencing Guidelines, a "crime of violence" was defined in 2012 as any felony offense that:

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S. Sentencing Guidelines Manual § 4B1.2(a) (2012). <u>Beckles v. United States</u>, 137 S. Ct. 886 (2017), held that the career offender provision of the Sentencing Guidelines was not void for vagueness

under the Johnson ACCA decision. Included as a listed "crime of violence" in the commentary was aggravated assault. U.S. Sentencing Guidelines Manual § 4B1.2 cmt. n.1 (2012). Aggravated assault on a law enforcement officer was and is a qualifying predicate offense under the career offender provision of the Sentencing Guidelines. Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1341 (11th Cir. 2013), abrogated on other grounds by Johnson, 135 S. Ct. 2551; In re Rogers, 825 F.3d 1335, 1341 (11th Cir. 2016).

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #39) is **dismissed, or alternatively, is denied on the merits**.

2. The Clerk of the Court shall enter judgment accordingly and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); Harbison v. Bell,

556 U.S. 180, 183 (2009).  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(B)(2).  To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)(citations omitted).  Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** at Fort Myers, Florida, this __16th__ day of April, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
AUSA